## Elwin Pero v. Department of Social Welfare

[388 A.2d 401]

No. 242-76

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed June 6, 1978

*Wendy A. Kaplan,* Vermont Legal Aid, Inc., Montpelier, for Plaintiff.

*M. Jerome Diamond,* Attorney General, and *Michael McShane,* Assistant Attorney General, Montpelier, for Defendant.

Larrow, J.    Claimant Pero appeals from a final decision of the Human Services Board, affirming denial of his application for Aid to Needy Families with Children (ANFC). The denial was based upon his ownership of real property, a resource held to be in excess of the applicable resource limitation, $1,800.00 in this case because the Pero family includes two parents. Welfare Assistance Manual (W.A.M.) § 2261. To qualify for ANFC, applicant must place the land for sale at a reasonable price, which concededly he has not done. W.A.M. § 2262.

Error is claimed in assigning a value to the property in question, and in not considering it as part of a plan for self-support, excluded from consideration as a currently available resource under W.A.M. § 2264.

The property in question is a 41 acre woodlot, without legal access except by permit which must be secured annually. It was purchased in 1968, and lies about one mile from the Pero home. The evidence as to its value was brief. According to the claimant's witness, a real estate broker, it was not worth over $10.00 per acre, or $410.00, although appraised for tax purposes some four years before the hearing at $113.00 per acre, or $4,633.00. As a practical matter, its landlocked character limits prospective purchasers to adjoining owners. Claimant takes off several cords of firewood each year for his own use

in heating his home, cooking, and recreational purposes. The Board found this wood to have a market value of $200–300, justifying a conclusion that the market value of the land was more than $1,800.00. Claimant asserts error in considering the tax appraisal at all, claiming it inadmissible, and attacks the conclusion drawn from the cordwood value as purely speculative.

While there may be varying opinions as to its weight, the admissibility of tax appraisals of real estate for the purpose of establishing fair market value seems to have been long established in this jurisdiction. *Town of Ripton* v. *Town of Brandon*, 80 Vt. 234, 67 A. 541 (1907). The manner of proof is often a source of challenge, but no objection based on this point is, or could be, raised here. The tax valuation was introduced by the claimant in examining his own witness.

We are not faced with the problem of deciding whether, standing alone, the four year old appraisal would justify the Board's finding. It is clear from the conclusions filed that the Board relied heavily upon the market value of the firewood, evidently capitalizing that value by some unexplained method. We have agreed that capitalization of income is a permissible method, in appropriate cases, for determination of fair market value of real estate. *Crawford* v. *Highway Board*, 130 Vt. 18, 285 A.2d 760 (1971). But such capitalization is of *net*, not gross income. The fallacy of the Board's reasoning is that it ignores the very considerable elements of labor and transportation which form components of the value of firewood. We have no difficulty in judicially noticing that the value of stumpage, the right to cut and remove wood or timber, is only a small fractional part of the market value of the finished product. And it is only the value of the stumpage, not of the labor and transportation, that is assignable to the real estate itself. That value, if shown, might possibly be the subject of capitalization of income, present a market in the area. But that part of income, if firewood can be properly termed that, attributable to labor and transportation, cannot be capitalized for valuation of the land itself. We cannot presume that the Board acted only upon the basis of the tax appraisal, because its conclusions make clear that it

did not. Its partial reliance upon capitalization of income was clearly erroneous, and the case must be remanded for new hearing upon the issue of the fair market value of the land in question.

■ Since the question will necessarily recur, we are of the opinion that the woodlot in question was correctly held not to be a resource "used in accord with a plan for current and/or future self-support," excluded from consideration as a currently available resource under W.A.M. § 2264. We do not subscribe to the reasoning of the Board justifying its holding on the ground that such a plan must be total; if total, the need for the assistance sought would not be present at all. Nor do we agree that the firewood had only seasonal use, because the evidence shows it was used for cooking as well as heat, reducing the overall cost of other fuels. But we do agree with the construction urged upon us on appeal, that the "plan for current and/or future self-support" dealt with generally in § 2264 is the plan specifically described and referred to in § 2264.3, following the general language. Such a plan is, in substance, one for which prior approval is obtained, and under which the earnings of a child are placed in a trust account for the child's education. We agree with the Department that § 2264.3 is the subsection that supplies the specifics and details to the general language of § 2264. Thus the holding of the Board on this point is sustainable as a matter of law, even though the grounds of its own choosing are not tenable.

The appellee here has treated, in its brief, of the reasonableness in amount of the $1,800.00 limitation. We perceive no attack upon that limitation in appellant's brief, and accordingly do not reach the question.

*The order of the Human Services Board is reversed, and the cause remanded for further hearing in accordance with the views herein expressed.*